PAUL C. SWEINHART, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, June 7, 1929.

*Henry J. Shields* of counsel [*J. Joseph Lilly* and *Edward A. Gobel* with him on the brief; *George P. Nicholson, Corporation Counsel,* attorney], for the appellant.

*Arthur F. Driscoll* of counsel [*Edward R. Peckerman, Jr.,* with him on the brief; *O'Brien, Malevinsky & Driscoll,* attorneys], for the respondent.

McAvoy, J. Plaintiff, on December 21, 1925, was riding his mare on the Central Park bridle path, near Seventy-second street and Central Park West. On some day prior to this period he had noticed the bridle path blocked by wooden horses, indicating that repairs to the roadway were being carried on beyond that point. On the day in question the barriers were removed south of a bridge which crosses the bridle path at that point, and he proceeded beyond the point where the bridge crosses the bridle way, and, finding the footing too heavy, turned the horse, and while under the bridge, traveling close to the foundation wall of the bridge, his horse's hind leg slipped into a hole which apparently was immediately abutting this wall. He examined the hole and found that it was about two and one-half feet long and ten inches wide, and that a slate slab which apparently had covered the hole, broken in two, partly covered by gravel, was lying there, the edges of which were sharp and jagged. The flagging, covering the hole, was of stone, which had the appearance of a sewer drain cover, with gravel partly obscuring it, and the hole was in the center of it.

It is plaintiff's contention that the failure to guard this hole while the work was in progress constituted negligence on the part of the city. He obviates the necessity of proving notice to the city of this defective condition, by the proof that the roadway was under repair, of which the city obviously had knowledge. But there is no negligence shown here under the rule, because

plaintiff's mare was not injured by reason of any defect in the roadway itself, which was then under repair, and of the condition, of which the city was charged with notice. This injury was caused by the breaking of a flagging covering a drain situated in the side of the roadway, which apparently, from the proof, was broken, or pushed aside if already broken, by the horse's foot as plaintiff rode her close to the wall of the bridge, and of the condition of this flagging and the time during which it persisted, the city had no notice so far as can be gathered from the testimony. Since the mere happening of the accident would not establish the liability of the defendant, as it is not an insurer of the safety of persons passing over the pathway, there must be some proof of the defective condition of the flagging which broke, and notice, either actual or constructive, must be brought to the city that the flagging was defective. If the defect was visible and apparent for so long a time that either the city or the contractor doing the work would be presumed to have seen it, or to have been negligent in failing to see it, a ground of liability would be made out. But here the condition was not visible and apparent, since, if it had been, it would have been disclosed to the plaintiff as he walked his horse under the bridge, and his own testimony indicates that the hole was covered by gravel over the flagging and was thus partly obscured. With this lack of proof of defective condition of the flagging causing it to break when stepped upon, or of some inadequacy in its securing so that it was easily pushed aside, there was no ground in the proof upon which negligence should be predicated.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MARTIN and O'MALLEY, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting). I dissent and vote to affirm upon the ground that the city was under an obligation to see that the bridle path was restored to its previous safe condition before being opened to the public, after the unsafe condition was created by the city, even though through an independent contractor. The path being found open by the plaintiff, it was incumbent upon the municipality to show, not only that the guards had not been removed by it, but also that it had taken the proper measures to keep them there.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.